IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GEORGE BAY BARNES #1689778, **PLAINTIFF,** | § § § § | |
| V. | § | 1:17-CV-549-LY |
| | § § | |
| DIRECTOR TIFFANY DOWLING and TEXAS INDIGENT DEFENSE COMMISSION, **DEFENDANTS.** | § § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Coffield Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ). Plaintiff complains his application for legal assistance submitted to the Thurgood Marshall

1

School of Law and the Texas Center for Actual Innocence ("TCFAI") at the University of Texas School of Law were rejected due to his race and the staff's incompetence. Plaintiff maintains his actual innocence and requests legal assistance for post-conviction relief. He sues Anthony Hawton, the director for the Thurgood Marshall School of Law, Tiffany Dowling, the director of the TCFAI,[1] and the Texas Indigent Defense Commission ("TIDC")[2].

Plaintiff originally filed his complaint in the United States District Court for the Eastern District of Texas. The magistrate judge assigned to the case severed Plaintiff's claims against Anthony Hawton and transferred those claims to the Southern District of Texas, Houston Division. The magistrate judge transferred to this Court Plaintiff's remaining claims against the TIDC and Tiffany Dowling.

## DISCUSSION AND ANALYSIS

A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

---

[1] The TCFAI is comprised of law students at the University of Texas who screen and investigate claims of actual innocence made by prisoners.

[2] The TIDC provides financial and technical support to counties to develop and maintain indigent defense systems that meet the needs of local communities and the requirements of the Constitution and state law. The TIDC does not provide legal advice or represent inmates, nor do they adjudicate claims of innocence.

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. TIDC

The TIDC is protected by Eleventh Amendment Immunity. Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state agency unless that state has waived its sovereign immunity or Congress has clearly abrogated it. *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1088, 1087 (5th Cir. 1994).

C. Tiffany Dowling

Plaintiff also has not stated a valid claim against Tiffany Dowling, Director of the TCFAI. A violation of equal protection occurs only when the governmental action in question "classif[ies] or distinguish[es] between two or more relevant persons or groups[,]" *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir.1988), or when a classification impermissibly interferes with a fundamental right. *Hatten v. Rains*, 854 F.2d 687, 690 (5th Cir.1988). A "fundamental right," for purposes of equal protection analysis, is one that is "among the rights and liberties protected by the Constitution." *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 29 (1973).

Plaintiff does not identify any similarly situated prisoners, nor does his allegations show he was intentionally treated differently from other prisoners absent a rational basis. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Vague and conclusional allegations that a prisoner's equal protection rights have been violated are insufficient to raise an equal protection claim. *Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990).

Moreover, prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) *see also Murray v. Giarratano*, 492 U.S. 1 (1989) (indigent death row inmates suing under § 1983 did not have their constitutional rights violated when state denied appointed counsel for post-conviction relief). The Fifth Circuit has reiterated this holding in subsequent cases. *See In re Sepulvado*, 707 F.3d 550, 554 (5th Cir. 2013); *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993). Here, Plaintiff is not entitled to appointed counsel to collaterally challenge his conviction. Plaintiff's right to appointed counsel extended to the first appeal of right, no further. *Finley*, 581 U.S. at 555.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the Texas Indigent Defense Commission be dismissed without prejudice for want of jurisdiction and Plaintiff's claims against Defendant Dowling be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge

of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. *See*, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** on July 12, 2017.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE